Actions were brought by the plaintiffs to recover damages for personal injuries and for the death of the husband of Margaret C. Brickley. The injuries for which they seek to recover were sustained on April 10, 1947, when the Brickley automobile left Highway 12 near Madison and turned over. Albert Neuling, a resident of Chicago, Illinois, was named as defendant in each case, the complaints reciting that the accident occurred when the Brickley automobile was crowded off the roadway by an automobile and trailer driven by Neuling. The suits were commenced by the issuance of summons and complaint served upon the commissioner of the motor vehicle department on April 6, 1949. No other service was attempted.
The appellant, Helen Neuling, petitioned the court for permission to intervene for the purpose of proving to the court that Albert Neuling died on January] 5, 1948, more than a year prior to the attempted service upon the commissioner of the motor vehicle department. From the orders denying her petition, she has taken these appeals.
The trial court denied appellant's application because she has no personal or property interest in the litigation. This appears to be literally true. Her petition sets forth that her husband died leaving no property except that which was held in joint tenancy with her; and that no administrator or personal representative has been appointed by the probate courts of Illinois.
Respondents contend that the suits were properly brought and can be maintained against the defendant, even though deceased.
It is obvious that the respondents desire a valid judgment against the named defendant. The courts also have an inherent interest in the validity of their judgments.
Sec. 85.05 (3), Stats., provides:
"The use and operation by a nonresident of a motor vehicle over the highways of Wisconsin shall be deemed an irrevocable appointment binding upon his executor, administrator or personal representative by such nonresident of the commissioner of the motor vehicle department to be his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him, or his executor, administrator or personal representative, growing out of such use or operation resulting in damage or loss to person or property, and said use or operation shall be a signification of his agreement that any such process against him, or his executor, administrator or personal representative, which is so served shall be of the same legal force and validity as if served on him personally, or his executor, administrator or personal representative. . . ."
We are not here confronted with the efficacy of that section to authorize service upon the executor or other representative of a deceased person. Here there is no personal representative to be bound by the substitute service upon the commissioner of the motor vehicle department. It is elementary that one deceased cannot be a party to an action. More accurately, it is fantastic to suggest that he can be. Consequently, the court has no jurisdiction. *Page 337 
"Courts are bound to take notice of the limits of their authority, and accordingly a court may of its own motion, even though the question is not raised by the pleadings or is not suggested by counsel, recognize the want of jurisdiction, and it is its duty to act accordingly by staying proceedings, dismissing the action, or otherwise noticing the defect, at any stage of the proceedings." 15 C.J., Courts, p. 852, sec. 171.
In Combes v. Keyes (1895), 89 Wis. 297, 313,62 N.W. 89, service by publication was made as prescribed by statute. No attack was made upon the method of service. The sole ground for quashing the summons was that at the time the action was instituted the defendant was not in existence and therefore the process was meaningless. The court stated:
"We think it was competent for Dwight W. Keyes, who had been the secretary of the defunct corporation, to intervene and inform the court of the facts which had worked a dissolution and death of the corporation."
Many authorities to the same effect were cited by appellant from other jurisdictions. We are of the opinion that the citation of further authorities would serve no purpose. The circuit court should have permitted the applicant to intervene and if she could offer proof of the death of the named defendant prior to the service of the summons, the actions should have been dismissed.
By the Court. — Orders reversed and causes remanded for further proceedings in accordance with this opinion. *Page 338