Michael D. DIPPEL, Plaintiff-Appellant,

v.

WISCONSIN PATIENTS COMPENSATION FUND,
Lew Papendick, M.D., John Romano, M.D., Charul
Munshi, M.D., Michael Hert and Froedtert Memorial
Lutheran Hospital, Defendants-Respondents,

James R. SANGER, M.D., Wisconsin Health Care
Liability Insurance Plan and ABC Insurance Compa-
nies To Be Named, Defendants.

Court of Appeals

*No. 90-1740. Submitted on briefs March 1, 1991.—Decided
March 27, 1991.*

(Also reported in 468 N.W.2d 789.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Edward P. Rudolph,* of Elm Grove.

On behalf of defendant-respondent, Wisconsin Patients Compensation Fund, the cause was submitted on the brief of *James M. Fergal* and *Linda Vogt Meagher* of *Schellinger & Doyle, S.C.* of Brookfield.

On behalf of the defendants-respondents, Lew Papendick, M.D., and Charul Munshi, M.D., and for defendants, James R. Sanger and Wisconsin Health Care Liability Insurance Plan, the cause was submitted on the brief of *Donald R. Peterson* and *Peter F. Mullaney* of *Peterson, Johnson & Murray, S.C.* of Milwaukee.

On behalf of the defendant-respondent, Froedtert Memorial Lutheran Hospital, the cause was submitted on the brief of *Keith W. Kostecke,* of *Menn, Nelson, Sharratt, Teetaert & Beinstein, LTD.* of Appleton.

Before Nettesheim, P.J., Brown and Scott, JJ.

NETTESHEIM, P.J.   This is a medical malpractice action. The claimant, Michael D. Dippel, appeals from a summary judgment dismissing his action against defendants Froedtert Memorial Lutheran Hospital, Lew Papendick, M.D., John Romano, M.D., Charul Munshi, M.D., Michael Hert and the Wisconsin Patients Compensation Fund (collectively, health care providers). The circuit court's summary judgment ruling did not affect other defendants against whom Dippel's action continues.[1]

---

[1] Because Dippel's action continues against other health care providers, the Wisconsin Patients Compensation Fund remains a

The circuit court dismissed the action against the health care providers on statute of limitations grounds. Dippel argued that the running of the statute of limitations was tolled as of October 31, 1989, when he filed a request for mediation with the Director of State Courts pursuant to sec. 655.44(4), Stats. The circuit court rejected this argument because Dippel's mediation request did not name the health care providers. We agree with the circuit court that the statute of limitations was not tolled as to the health care providers. We therefore affirm the judgment dismissing Dippel's action as to the health care providers.

The relevant facts are not in dispute. On April 29, 1986, Dippel suffered a work-related injury to his left hand. On November 5, Dr. James Sanger performed surgery on Dippel's left hand. On October 31, 1989, approximately five days before the statute of limitations was to expire, Dippel filed a request for mediation with the Director of State Courts. Dippel named Dr. Sanger as the only alleged negligent health care provider.[2] Specifically, Dippel alleged that Dr. Sanger had negligently operated on Dippel's left middle finger instead of his left ring finger.

Following mediation, Dippel filed this action in the circuit court on February 28, 1990. In addition to Dr. Sanger, Dippel named the health care providers as defendants even though those providers had not been named in the mediation proceedings and even though the date of injury, November 5, 1986, was beyond any

defendant insofar as its potential liability derives from those providers.

[2]Dippel's request for mediation also named Dr. Sanger's malpractice insurance carrier, Wisconsin Health Care Liability Insurance Plan, and the Wisconsin Patients Compensation Fund.

857

applicable statute of limitations. *See generally* sec. 893.55(1)(a), Stats.

In reviewing the trial court's grant of summary judgment, we apply the standards of sec. 802.08, Stats., in the same manner as the trial court. *Post v. Schwall,* 157 Wis. 2d 652, 656, 460 N.W.2d 794, 795 (Ct. App. 1990). Summary judgment is granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Kruschke v. City of New Richmond,* 157 Wis. 2d 167, 169, 458 N.W.2d 832, 833 (Ct. App. 1990). We review summary judgment determinations *de novo,* independent of the trial court's decision. *Silingo v. Village of Mukwonago,* 156 Wis. 2d 536, 539, 458 N.W.2d 379, 380 (Ct. App. 1990).

In addition, the construction of a statute and its application to a set of facts present questions of law—matters also reviewed *de novo,* without deference to the trial court's decision. *Id.*

The parties agree that the action as to Dr. Sanger survives because Dippel named Dr. Sanger in his mediation request and because sec. 655.44(4), Stats., expressly provides that "[a]ny applicable statute of limitations is tolled . . .." The issue on appeal, however, is whether the statute of limitations is also tolled as to the health care providers, whom Dippel did not name in the mediation request and who did not participate in the mediation proceedings. The statute provides:

> Any applicable statute of limitations is tolled on the date the director of state courts receives the request for mediation if delivered in person or on the date of mailing if sent by registered mail. The statute remains tolled until 30 days after the last day of the mediation period under s. 655.465(7).

858

Section 655.44(4).

Both Dippel and certain of the health care providers argue that the statute is clear and unambiguous and supports their competing interpretations. Dippel contends that "any applicable statute of limitations" means "*all* applicable statute of limitations." Dippel's very substitution of "all" for "any" belies his argument that the statute clearly and unequivocally supports his position. Certain of the health care providers contend that "any" can only mean the named provider in the mediation request. To so convince us, however, the health care providers use precepts of statutory interpretation usually applied when we search for the meaning of an ambiguous statute.

■

A statute is ambiguous if it is capable of being understood by a reasonably well-informed person in more than one way. *Sterman v. Hornbeck,* 156 Wis. 2d 556, 563, 457 N.W.2d 874, 877 (Ct. App. 1990). Confining ourselves to the language at issue, the meaning and reach of "any applicable statute of limitations" is not clearly and unambiguously conveyed. This language does not advise the "reasonably well-informed person" whether the statute extends to health care providers not named in the mediation request. Therefore, we conclude that reasonable persons could differ as to the meaning of this language. Thus the statute is ambiguous and we must look beyond its language to construe the statute. *Id.* at 564, 457 N.W.2d at 877.

■

In construing an ambiguous statute, we look to the scope, history, context, subject matter and object of the statute to discern the legislative intent. *Id.* at 563, 457 N.W.2d at 877.

In establishing the medical malpractice mediation system, the legislature recited its intent and goal:

> The legislature intends that the mediation system provide the persons under sub. (2) with an informal, inexpensive and expedient means for resolving disputes without litigation and intends that the director of state courts administer the mediation system accordingly.

Section 655.42(1), Stats. The statute's reference to "persons under sub. (2)" includes "patients, their representatives, spouses, parents or children *and health care providers.*" Section 655.42(2). (Emphasis added.)

Concomitant with the enactment of this policy, the legislature enacted the tolling provisions of sec. 655.44(4), Stats. *See* sec. 69m, 1985 Wis. Act 340. The harmony of these two enactments is self-evident. When a claimant invokes mediation, both the claimant and the provider benefit from the "inexpensive and expedient" aspects of that process. Resolution of the controversy, short of protracted and expensive litigation, is a distinct possibility. A claimant who chooses to pursue the "inexpensive and expedient" option of mediation with a health care provider should not suffer the continued running of any applicable statute of limitations and risk the loss of his or her cause of action as to that provider.

The same logic, however, does not and should not apply where the claimant does not involve a health care provider in the mediation process. In such a situation, the public policy served by sec. 655.42(1), Stats., cannot come into play because the claimant has not invoked it. Therefore, the meritorious purpose served by the concomitant tolling of any applicable statute of limitations is similarly irrelevant. Dippel seeks to arm himself with both the sword of mediation and the shield of a tolled

statute of limitations while leaving the health care providers not involved in the mediation process defenseless on both fronts. We do not see this as the legislative scheme.

Dippel argues that we should not interpret the mediation statutes in a fashion which frustrates mediation and which harshly occasions the loss of a cause of action by the running of a statute of limitations.[3] Were we operating under the mediation statutes in this case we would likely follow this philosophy. However, by not involving the health care providers in the mediation process, it is Dippel, not us, who has frustrated, indeed spurned, the mediation process in this case.

Consequently, the statute of limitations as to the respondent health care providers continued to run and expire despite the mediation proceedings concerning another provider in this case. The circuit court correctly

---

[3]In support, Dippel cites *Eby v. Kozarek,* 153 Wis. 2d 75, 450 N.W.2d 249 (1990). *Eby,* however, does not control because there Eby timely filed his circuit court action and, unlike this case, named all necessary health care providers. The only issue was whether Eby's failure to request mediation within the statutory time limit after filing the action served to continue the running of the statute of limitations. *Id.* at 77–78, 450 N.W.2d at 250. The supreme court held that the statutory language was directory—not mandatory—and that Eby's commencement of the action tolled the statute. *See id.* at 83, 450 N.W.2d at 253.

Dippel also cites *Gauger v. Mueller,* 149 Wis. 2d 737, 439 N.W.2d 637 (Ct. App. 1989), and *Schulz v. Nienhuis,* 152 Wis. 2d 434, 448 N.W.2d 655 (1989). These cases do not control because they are not statute of limitations cases.

dismissed the action as to the respondent providers.[4]

*By the Court.*—Judgment affirmed.

___

[4]In his reply brief, Dippel argues that the statute of limitations should be tolled against health care providers not named in the mediation proceeding because "the mediation session itself is meant to be a kind of pre-litigation discovery . . .." Dippel apparently believes that a purpose of mediation is to discover other potentially responsible health care providers. Dippel, understandably, cites no authority for this proposition because there is none. As noted, the purpose of the mediation system is to provide an informal, inexpensive and expedient means for resolving disputes without litigation. Section 655.42(1), Stats. This expression of legislative intent does support Dippel's theory.