### Sandra GEISEL and Rick Geisel, Plaintiffs,

v.

### T.O. ODULIO, M.D., Ivan Stanko, M.D., Rick Reding, M.D., Neurosurgical Clinic of Wausau, Wausau Medical Center, S.C., St. Paul Fire and Casualty Company, Physicians Insurance Company of Wisconsin, Inc., Medical Protective Insurance Company and Wisconsin Patients Compensation Fund, Defendants.

### No. 91–C–560–C.

United States District Court, W.D. Wisconsin.

Nov. 24, 1992.

John F. Eisberg, Robins, Kaplan, Miller & Ciresi, St. Paul, MN, for Sandra Geisel, Rick Geisel.

Randall J. Sandfort, Terwilliger, Wakeen, Piehler & Conway, Wausau, WI, for T.O. Odulio, Neurosurgical Clinic of Wausau, St. Paul Fire & Cas. Co.

James Harrington, Ruder, Ware & Michler, Wausau, WI, for Ivan Stanko, Physicians Ins. Co.

Paul H. Grimstad, Nash, Spindler, Dean & Grimstad, Manitowoc, WI, for Rick Reding, Medical Protective Ins.

Peter L. Hessert, Patterson, Richards & Hessert, Wausau, WI, for Wausau Hosp., Inc., Wisconsin Hosp. Ass'n.

James G. Doyle, Schellinger & Doyle S.C., Brookfield, WI, for Wisconsin Patients Compensation.

## OPINION AND ORDER

CRABB, Chief Judge.

In this medical malpractice action plaintiffs seek monetary relief for alleged negligent treatment and care by defendant health care providers. Jurisdiction exists under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $50,000.

The case is before the court on defendant Wisconsin Patients Compensation Fund's motion for summary judgment on the ground that plaintiffs' claims against defendant Fund are barred by the applicable statute of limitations. Defendant Fund argues that the statute of limitations expired on June 12, 1992, and that defendant Fund was not joined as a party in the lawsuit until August 20, 1992. Plaintiffs counter that the statute of limitations is not a bar to their action against defendant Fund. They assert four reasons why the statute is inapplicable. (1) The mediation process tolled the statute of limitations; (2) the statute of limitations does not apply to the Fund; (3) the amended complaint relates back to the filing of the original complaint; and (4) plaintiff Sandra Geisel's disability tolled the running of the statute. I find that the mediation process tolled the statute of limitations. Therefore, I conclude that defendant Fund has failed to show that the statute of limitations has run. I find it unnecessary to address any of plaintiffs' additional arguments.

To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Indiana Grocery, Inc. v. Super Valu Stores, Inc.,* 864 F.2d 1409, 1412 (7th Cir.1989). When the moving party succeeds in showing the absence of a genuine issue as to any material fact, the opposing party must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986); *Bank Leumi Le-Israel, B.M. v. Lee,* 928 F.2d 232, 236 (7th Cir.1991). The opposing party cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Also, if a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial,

summary judgment for the opposing party is proper. *Id.* at 322, 106 S.Ct. at 2552.

For the purpose of deciding defendant Fund's motion for summary judgment, I find from the parties' proposed findings of fact that there is no genuine dispute with respect to the following material facts.

## UNDISPUTED FACTS

Plaintiffs are residents of Lovland, Ohio. The defendant health care providers are Wisconsin residents. The Wisconsin Patients Compensation Fund was established pursuant to Wis.Stat. § 655.27.

Plaintiff Sandra Geisel was hospitalized at Wausau Hospital from June 8, 1989 until July 20, 1989, under the care of defendant health care providers. Plaintiffs' alleged cause of action accrued on June 11, 1989.[1]

On or about September 14, 1990, plaintiffs sent a request for mediation to the Director of State Courts by United States Mail. Plaintiffs did not name the Fund as a party in the request for mediation.[2] On September 19, 1990, the Wisconsin Director of State Courts acknowledged receipt of the request. On December 12, 1990, the mediation process ceased by stipulation.

On June 24, 1991, plaintiffs commenced this action against defendants Odulio, Stanko, Reding, Tange, Neurosurgical Clinic of Wausau, Wausau Medical Center, S.C., Kronenwetter Clinic, Wausau Hospital, St. Paul Fire & Casualty Co., Physicians Insurance Company of Wisconsin, Medical Protective Insurance Company and the Wisconsin Health Care Liability Insurance Plan. Plaintiffs did not name the Wisconsin Patients Compensation Fund as a party in the complaint. On August 11, 1992, plaintiffs moved for leave to file an amended complaint. They filed their amended complaint naming the Fund as a defendant on August 20, 1992.

## OPINION

In diversity of citizenship cases federal courts must apply state law in determining substantive issues. *See Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Whether an action is barred by the statute of limitations is a substantive issue, on which Wisconsin law provides the law of decision. *See Walker v. Armco Steel Corp.,* 446 U.S. 740, 745, 100 S.Ct. 1978, 1982, 64 L.Ed.2d 659 (1980). The statute applicable to medical malpractice actions is Wis.Stat. § 893.55(1), which provides:

> Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:
>
> (a) Three years from the date of the injury, or
>
> (b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

Plaintiffs assume for the purpose of this motion that the action accrued on June 11, 1989, in which case the statute of limitations would have expired on June 12, 1992, three years after the date of the last alleged negligent act, unless it was tolled. Because the amended complaint naming the Fund as a defendant was not filed until August 20, 1992, it was not filed within the

---

**1.** Plaintiffs assume for the purpose of this motion that the cause of action accrued on June 11, 1989, although Sandra Geisel was not discharged from the hospital until July 20, 1989.

**2.** Plaintiffs contend that defendant Fund was a participant to the mediation process because attorneys for the Wisconsin Patients Compensation Fund drafted a mediation pleading suggesting that the Fund was a party to the mediation process. Defendant Fund claims that what

plaintiffs are referring to is a stipulation waiving mediation, drafted by one of the attorneys for the health care providers and insurers. Defendant Fund asserts that the attorneys for the health care providers and insurers in the mediation process were not attorneys for the Fund and did not have the authority to act on behalf of the Fund at any time. Resolution of this dispute is not necessary for the purpose of deciding this motion.

three-year statute of limitations period. The action would be barred even if I applied the "continuous treatment doctrine," which provides that "if there has been negligence and the negligent health care provider continues to treat the plaintiff for the condition resulting from the negligence, the statute of limitations does not begin to run until the last day that the plaintiff was treated for that condition." *Tamminen v. Aetna Cas. & Sur. Co.*, 109 Wis.2d 536, 552, 327 N.W.2d 55, 62 (1982). Plaintiff Sandra Geisel was discharged from the hospital and from the care of the defendant doctors on July 20, 1989. Even if the action accrued on July 20, 1989, the three-year statute of limitations would have run when the amended complaint was filed.

Wisconsin law provides two alternatives for individuals who have claims for bodily injury because of a tort or breach of contract based on professional services rendered by a health care provider. *See Eby v. Kozarek*, 153 Wis.2d 75, 82, 450 N.W.2d 249, 252 (Wis.1990). Such individuals can file a request for mediation rather than file a lawsuit. Wis.Stat. § 655.44(1). If the injured party chooses this option, the filing of the mediation request bars any court action until the mediation period has expired. Wis.Stat. §§ 655.44(5) and 655.465(7). The alternative is to commence a lawsuit in the ordinary manner. Wis.Stat. § 655.445(1). If the latter option is chosen, a request for mediation must be filed within 15 days of the filing of the lawsuit. Wis.Stat. § 655.445(1).

■ In this case, plaintiffs chose the first option by filing a request for mediation pursuant to § 655.44, rather than commencing a legal action. On or about September 14, 1990, plaintiffs sent a request for mediation to the director of state courts by United States Mail. They contend that doing so tolled the statute of limitations.

They rely on Wis. Stat. § 655.44(4), which provides:

> Statute of limitations. Any applicable statute of limitations is tolled on the date the director of state courts receives the request for mediation if delivered in person or on the date of mailing if sent by registered mail. The statute remains tolled until 30 days after the last date of the mediation period under s. 655.465(7).

The mediation period ceased by stipulation on December 12, 1990. Under § 655.44(4), the limitations period began running again on January 11, 1991, thirty days after the last date of the mediation period.[3]

Defendant Fund contends that this tolling provision never came into effect because plaintiffs' request for mediation was sent by United States Mail rather than by registered mail or in person as required by the statute. Wis.Stat. § 655.44(3). Although § 655.44(3) uses mandatory sounding language, "[t]he request for mediation *shall* be delivered in person or sent by registered mail to the director of state courts," (emphasis added) the Wisconsin courts do not read it as meaning that requests for mediation are void unless sent or delivered in compliance with the statute. *See, e.g., Schulz v. Nienhuis*, 152 Wis.2d 434, 436, 448 N.W.2d 655, 656 (1989), in which the plaintiff's attorney sent a request for mediation by regular mail. In *Schulz*, the state supreme court did not rule that the failure to comply with the statute would result in dismissal of the mediation request, but merely examined the request to determine whether it was timely.

In an earlier decision, the state supreme court held that when determining whether a statutory provision is mandatory or directory in nature a number of factors must be examined. " 'These include the objectives sought to be accomplished by the statute,

---

**3.** The statute of limitations began to run on June 11, 1989, the date the cause of action accrued. The mediation process commenced on September 19, 1990, one year and one hundred days after mediation began. The statute of limitations period was tolled until January 11, 1991. The remainder of the three-year statute of limitations period expired on October 3,

1992. *See Tamminen*, 109 Wis.2d at 543, 327 N.W.2d at 58:

> The effect of [Wis.Stat. § 655.04(6) ] is that the limitations period cannot run out while the controversy is before the panel, and a claimant is thereafter given a thirty-day grace period plus the time which remained on the period of limitations at the time of the filing.

its history, the consequences which would follow from the alternative interpretations, and whether a penalty is imposed for its violation.'" *State v. Rosen*, 72 Wis.2d 200, 207, 240 N.W.2d 168, 171 (1976) (quoting *Werlein v. Elamore*, 33 Wis.2d 288, 293, 147 N.W.2d 252 (1967)). Applying these factors to § 655.44(3), I find that the legislature did not intend the registered mail and delivery in person provisions to be determinative of the validity of a mediation request. Chapter 655 does not provide explicitly that a request for mediation is invalid if the request is not sent by registered mail or delivered in person. The purpose of § 655.44(3) is to provide a mechanism for determining when the statute of limitations is tolled and to assure that the request was timely. If those purposes are met by the mailing of the request, no more is necessary. Moreover, the mediation system is intended to provide an

> informal, inexpensive and expedient means for resolving disputes without litigation and intends that the director of state courts administer the mediation system accordingly.

Wis.Stat. § 655.42(1). The consequence of construing the use of regular mail as a violation of the statute would result in technical denials of mediation requests and would thwart the purpose of the statute.

■ Defendant Fund raises an additional contention: that the failure to name it as a party to the mediation rendered it exempt from the tolling provision contained in the mediation statute. Plaintiffs dispute both the factual premise for the contentions and its merits. They assert that defendant Fund was a participant in the mediation although it was not named in the mediation request. The point is irrelevant. Whether the Fund did or did not participate in fact and whether it was named or not named, the statute of limitations is tolled as to it, pending the termination of mediation. *Tamminen*, 109 Wis.2d 536, 327 N.W.2d 55. In *Tamminen*, the plaintiff filed a

submission of controversy with the patients compensation panel before the statute of limitations had run.[4] The Fund was not named in the mediation process. The state supreme court held that neither Wis.Stat. §§ 655.04(1) and (3) nor § 655.27(5) required the naming of the Fund in the mediation process as a prerequisite to bringing suit against it in circuit court. *Id.*, 327 N.W.2d at 67. Section 655.04 requires only that *health care providers* be named and notified of the submission of controversy. There is no requirement that the Fund or other insurers be named, served, or notified. Section 655.27(5) does not require joining the Fund and insurers in the "submission of controversy" if they are to be named in the circuit court action. *Id.* In 1982, when *Tamminen* was decided, § 655.27(5) read as follows:

> Any person may file an *action* for damages arising out of the rendering of medical care or services against a health care provider covered under the fund provided that such person filing the claim shall not recover against the fund any portion of a judgment for damages arising … against a health care provider covered under the fund unless the fund was named as a defendant in the *suit*. [Emphasis added].

The court held that "suit" referred to the post-mediation proceedings in circuit court and not to the determination following the submission of the controversy to the compensation hearing panel. The court emphasized that "[t]he proceeding before the panel is not a suit and it is not an action," and concluded that "it is apparent that the statutes mandate no requirement that the Fund be named in the proceedings before the patients compensation panel." *Id.*, 327 N.W.2d at 67. The court denied the Fund's motion for summary judgment, holding that the plaintiffs were entitled to the benefit of the tolling provisions and thus, had filed their action against the Fund in a timely manner.

---

**4.** At the time *Tamminen* was decided, medical malpractice claims had to proceed to a Patients Compensation Panel prior to any court action. Claimants had to file a "submission of controversy" with the director of state courts. The statutory scheme has been replaced with a mediation system. Claimants are no longer required to file a "submission of controversy" or "request for mediation" prior to court action.

Defendant Fund contends that in response to *Tamminen,* the legislature amended § 655.27(5) in 1985 to substitute "claim" for "action" and "controversy" for "suit." Until it was amended again this year, the statute read:

1. Any person may file a *claim* for damages arising out of the rendering of medical care or services ... against a health care provider covered under the fund. A person filing a claim may only recover from the fund if the fund is named as a party in the *controversy.* 3. If after reviewing the facts upon which the claim or action is based, it appears reasonably probable that damages paid will exceed limits in s. 655.-23(4), the fund may appear and actively defend itself when named as a party in the *controversy.* [Emphasis added].

Wis.Stat. § 655.27(5)(a). Defendant Fund argues that the terms of the amended statute suggest that the Fund must be named in a mediation proceeding, and that the change from "suit" to "controversy" indicates a legislative intent to include the Fund in mediation proceedings as a prerequisite to recovery from the Fund. The Fund's argument would be more persuasive had the legislature not amended the statute again effective on July 1, 1992, almost two months before plaintiffs filed their amended complaint on August 20, 1992.

The current version of § 655.27 does not contain specific language requiring the claimant to name the Fund in the request for mediation or to notify or serve the Fund once a request has been filed. The plaintiff is required merely to name the health care provider. The relevant statutory provisions are analogous to those in effect when *Tamminen* was decided; indeed, the amended version of § 655.27(5) is closer to the version in effect when the *Tamminen* decision was decided. The current version reads as follows:

A person filing a claim may recover from the fund only if the health care provider or the employe of the health care provider has coverage under the fund and the fund is named as a party in the *action.* [Emphasis added].

This change from "controversy" to "action" suggests that the legislature did not require a claimant to name the Fund in the mediation process in order to recover from it in a subsequent lawsuit. The legislature is presumed to be aware of the fact that in *Tamminen,* the state supreme court construed "action" as referring to post-mediation lawsuits, not to panel or mediation proceedings. *Id.,* 327 N.W.2d at 67.

Defendant Fund argues that *Dippel v. Wisconsin Patients Comp. Fund,* 161 Wis.2d 854, 468 N.W.2d 789 (Ct.App.1991), is dispositive on the issue of the application of the tolling provision to a party that was not a participant in the mediation process. However, the case is readily distinguishable. In *Dippel,* although the plaintiff named the Fund in the request for mediation, he failed to name several health care providers. When mediation was complete the plaintiff filed suit in circuit court naming additional health care providers and their insurers as defendants after the statute of limitations period had run. *Id.,* 468 N.W.2d at 791. The court found § 655.-44(4) to be unclear with respect to health care providers not named in the mediation request. To resolve the ambiguity the court looked at the legislature's stated goals for the mediation system. *Id.* Finding that the mediation system was intended to provide patients, their representatives, spouses, parents or children and *health care providers* with an informal, inexpensive and expedient means for resolving disputes without litigation, Wis.Stat. §§ 655.-42(1) and (2), the court of appeals concluded that § 655.44(4) was not intended to apply to the health care providers not named in the mediation request.

In this case, plaintiffs failed to name the Fund, not a health care provider, in the request for mediation. The purpose of the mediation statute is to mediate disputes between claimants and their health care providers so as to avoid unnecessary litigation. Wis.Stat. § 655.42(1). The failure to name a health care provider thwarts the purpose of the statute. Here, all the health care providers were named. The failure to involve the Fund in the mediation

**506**

process did not render it defenseless: under the mediation statute insurers providing insurance for health care providers covered by the Fund must "provide an adequate defense of the fund on any claim filed that may potentially affect the fund...." Wis.Stat. § 655.27(5)(b). The Fund is an excess insurer whose liability is derivative and depends on the liability of the insured. *See, e.g., Tamminen,* 109 Wis.2d at 562, 327 N.W.2d at 67.

I conclude that the Wisconsin Supreme Court's decision in *Tamminen* is controlling. Plaintiffs are not barred by the statute of limitations in bringing this action against the defendant Fund.

### ORDER

IT IS ORDERED that the motion for summary judgment of defendant Wisconsin Patients Compensation Fund's motion is DENIED.