Fred H. GEIGER, Jr., Plaintiff-Appellant,†

v.

WISCONSIN HEALTH CARE LIABILITY INSURANCE PLAN and Wisconsin Patients Compensation Fund, Defendants-Respondents.††

Court of Appeals

*No. 95–0692–FT. Oral argument August 1, 1995.—Decided August 22, 1995.*

(Also reported in 538 N.W.2d 830.)

†Petition to review denied.
††Petition to cross-review denied.

475

On behalf of plaintiff-appellant, the cause was submitted on the briefs of *Jill R. Schilling* and orally argued by *Harry Hertel* of *Hertel, White, Johnson & Schilling, S.C.* of Eau Claire.

On behalf of defendants-respondents, the cause was submitted on the brief of *J. Drew Ryberg* and *Kristina M. Bourget* and orally argued by *J. Drew Ryberg* of *Kelly & Ryberg, S.C.* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Fred Geiger appeals a summary judgment dismissing his medical malpractice claim against Wisconsin Health Care Liability Insurance Plan (WHCLIP) and Wisconsin Patients Compensation Fund.[1] The circuit court dismissed the action on grounds that Geiger failed to toll the statute of limitations as provided by § 655.44, STATS.,[2] in that he named

---

[1] This is an expedited appeal under RULE 809.17, STATS.

[2] Section 655.44, STATS., provides:

Request for mediation prior to court action. (1) Request and fee. Beginning September 1, 1986, any person listed in s. 655.007 having a claim or a derivative claim under this chapter for bodily injury or death because of a tort or breach of contract based on professional services rendered or that should have been rendered by a health care provider may file a request for mediation and shall pay the fee under s. 655.54.

(2)   Content of request. The request for mediation shall be in writing and shall include all of the following information:

(a)   The claimant's name and city, village or town, county and state of residence.

(b)   The name of the patient.

a deceased health care provider rather than a recognizable legal entity and that Geiger failed to join the Fund in a timely manner. The issues are whether Geiger's failure to join the Fund within thirty days of the completion of mediation was timely and whether Geiger's petition tolled the statute as provided in § 655.44(4), STATS. We conclude that Geiger failed to timely name the Fund in his amended complaint and therefore affirm that part of the judgment dismissing the claim against the Fund; we conclude that Geiger complied with the statutory requirement to toll the statute of limitations and reverse the part of the judgment dismissing the claim against WHCLIP.

(c) The name and address of the health care provider alleged to have been negligent in treating the patient.

(d) The condition or disease for which the health care provider was treating the patient when the alleged negligence occurred and the dates of treatment.

(e) A brief description of the injury alleged to have been caused by the health care provider's negligence.

(3) Delivery or registered mail. The request for mediation shall be delivered in person or sent by registered mail to the director of state courts.

(4) Statute of limitations. Any applicable statute of limitations is tolled on the date the director of state courts receives the request for mediation if delivered in person or on the date of mailing if sent by registered mail. The statute remains tolled until 30 days after the last day of the mediation period under s. 655.465 (7).

(5) No court action commenced before mediation. Except as provided in s. 655.445, no court action may be commenced unless a request for mediation has been filed under this section and until the expiration of the mediation period under s. 655.465 (7).

(6) Notice of court action to director of state courts. A claimant who files a request for mediation under this section and who commences a court action after the expiration of the mediation period under s. 655.465 (7) shall send notice of the court action by 1st class mail to the director of state courts.

Doctor Frederick Fitz treated Geiger from November 22, 1988, to March 22, 1990.[3] Fitz died shortly after his last treatment of Geiger. Upon Fitz's death, Geiger consulted another doctor. In July 1990, as a result of this subsequent consultation and treatment, Geiger discovered Fitz's alleged negligence.

In pursuit of his malpractice claim, Geiger made a request for mediation on March 22, 1993, exactly three years from the last day of treatment by Fitz. The statute of limitations in a medical malpractice action is the later of three years from the date of injury or one year from the date of discovery. Section 893.55(1), STATS.

The request for mediation named "Dr. Frederick W. Fitz, deceased" as the health care provider. However, the parties do not dispute that WHCLIP and the Fund received notice in time to prepare for the mediation. The parties held the mediation on November 12, 1993. No agreement was reached, and Geiger filed suit directly against WHCLIP under § 632.24, STATS., on December 13, 1993. Geiger added the Fund as a defendant on May 16, 1994.

The defendants filed a motion for summary judgment, claiming that the statute of limitations barred the action because the request for mediation failed to toll the statute in that the request named the deceased

---

[3] In sum, the relevant dates are as follows:

| | |
|---|---|
| 3/22/90 | Last day of treatment by Dr. Fitz |
| 7/90 | Plaintiff's discovery of alleged malpractice |
| 3/22/93 | Request for mediation |
| 11/12/93 | Mediation takes place |
| 12/13/93 | Filing of summons and complaint against WHCLIP |
| 5/16/94 | Filing of an amended summons and complaint adding the Fund as a party |

physician, not an existing legal entity such as the estate, WHCLIP or the Fund. Alternatively, the motion stated that Geiger's suit was untimely as to the Fund because Geiger did not add the fund as a defendant within thirty days of the mediation period. The circuit court granted the motion for summary judgment on the grounds that Geiger should have named a recognizable legal entity in the request for mediation and, alternatively, that Geiger filed the action against the Fund outside the statute of limitations because it was not filed within thirty days of the mediation.

Interpretation of a statute is a question of law and is appropriate for summary judgment. *State v. Williams*, 104 Wis. 2d 15, 21-22, 310 N.W.2d 601, 604-05 (1981). In reviewing the circuit court's grant of summary judgment, appellate courts independently apply the same methodology as the circuit court. *Kloes v. Eau Claire Cavalier Baseball Ass'n*, 170 Wis. 2d 77, 83, 487 N.W.2d 77, 79-80 (Ct. App. 1992).

WHCLIP and the Fund argue that Geiger failed to satisfy the tolling provisions of § 655.44, STATS. Section 655.44(2), STATS., lists the statutory requirements of the content of the request for mediation. At issue is the requirement in ¶ (c), which requires the request to contain the "name and address of the health care provider alleged to have been negligent . . . ." There is no requirement that any other party, including the insurer or the Fund, be named, served or notified.

WHCLIP and the Fund argue that Geiger failed to satisfy § 655.44(2)(c), STATS., because his request did not name a recognizable legal entity as the health care provider. WHCLIP and the Fund cite *Brickley v. Neuling*, 256 Wis. 334, 336, 41 N.W.2d 284, 285 (1950), as

meaning that a deceased party cannot be named in any proceeding, not just circuit court actions, in which it is necessary that someone appear for and be bound by actions taken against the decedent.[4] *Brickley*, however, only holds that a "deceased cannot be a party to an *action*." *Id.* at 336, 41 N.W.2d at 285 (emphasis added). We conclude that the statute does not treat mediation proceedings akin to an action.

First, § 655.44(1), STATS., is entitled "Request for mediation prior to court action." Further, both the legislature and the Wisconsin Supreme Court have recognized a distinction between initial mediation proceedings and circuit court actions in the context of naming parties. Section 655.27(5)(a), STATS., states that "[a] person filing a claim may recover from the fund only if . . . the fund is named as a party *in the action*." (Emphasis added.) In *Tamminen v. Aetna Cas. & Surety Co.*, 109 Wis. 2d 536, 327 N.W.2d 55 (1982), the Wisconsin Supreme Court interpreted this section to allow a plaintiff to commence suit against the Fund even though the plaintiff did not name the Fund in the mediation hearing, only the subsequent action. *Id.* at 562, 327 N.W.2d at 67.

Alternatively, WHCLIP and the Fund argue that even if naming the deceased health care provider in a mediation request is sufficient to toll the statute of limitations against the estate, § 655.44(4), STATS., the request does not toll the statute of limitations as to

---

[4] WHCLIP's and the Fund's interpretation of *Brickley v. Neuling*, 256 Wis. 334, 41 N.W.2d 284 (1950), focuses on potential notice problems. Notice problems often arise in the context of a due process claim. However, WHCLIP and the Fund do not raise a due process issue here as it does not dispute that it received adequate and timely notice of the mediation proceedings.

them because neither WHCLIP nor the Fund is a health care provider and consequently neither is subject to ch. 655. In other words, even though § 655.44(4) tolls "[a]ny applicable statute of limitations" during the mediation, WHCLIP and the Fund suggest an untolled three-year period applies to them.

WHCLIP and the Fund cite *Dippel v. Wisconsin Patients Comp. Fund*, 161 Wis. 2d 854, 468 N.W.2d 789 (Ct. App. 1991), in support of the argument that a request for mediation does not toll the statute of limitations as to parties who are not health care providers. In *Dippel*, the plaintiff named one allegedly negligent health care provider and his insurer in his request for mediation, but failed to name other health care providers who were also allegedly negligent. The court held that § 655.44(4), STATS., does not toll the statute of limitations for the health care providers not named in the request. *Id.* at 859-61, 468 N.W.2d at 791-92.

Unlike *Dippel*, the plaintiff here named the only relevant health care provider in the request for mediation. The unnamed health care providers in *Dippel* received no notice of mediation, and the court construed the reference to tolling any statute of limitations inapplicable to the unnamed health care providers. Here, WHCLIP and the Fund stand in the shoes of the health care provider and no notice problem exists.

We conclude that *Geisel v. Odulio*, 807 F. Supp. 500 (W.D. Wis. 1992), is more analogous to this case. In *Geisel*, the plaintiff failed to name the Fund as a party in a request for mediation. The Fund consequently argued that the mediation did not toll the statute of limitations as to it and moved for summary judgment on the grounds that the statute of limitations had lapsed. The court rejected this argument, holding that

the mediation request tolled the statute of limitations against the Fund. The court reasoned that:

> The failure to involve the Fund in the mediation process did not render it defenseless: under the mediation statute insurers providing insurance for health care providers covered by the Fund must "provide an adequate defense of the fund on any claim filed that may potentially affect the fund . . . ." Wis. Stat. s 655.27(5)(b).

*Id.* at 505-06. In this case, our interpretation of the statute does not adversely affect WHCLIP. In cases where an insured failed to notify his insurer of mediation, he or she may do so at the risk of violating the terms of the insurance contracts requiring notice of claim to the insurer. Section 655.44(4), STATS., did toll the statute of limitations as to both WHCLIP and the Fund. In fact, in this case WHCLIP concedes it had actual and timely notice of mediation. We therefore need not address the result of a mediation held without notice to an insurer.

██

The Fund argues, alternatively, that the statute of limitations had run on Geiger's claim against it because it was not joined within thirty days of the end of mediation. We agree. Because Geiger filed his request for mediation on November 12, 1993, the last day of the statute of limitations, and § 655.44(4), STATS., tolls any applicable statute of limitations until thirty days after the last day of the mediation period, Geiger had until December 13, 1993, to commence an action within the statute of limitations. Geiger filed an action against WHCLIP on December 13, 1993, but did not add the Fund as a defendant until he amended his complaint on May 16, 1994.

Geiger argues that the Fund can be added as a party at any time as long as the suit against WHCLIP was commenced within the statute of limitations because the Fund derives its liability from WHCLIP. Geiger cites *Tamminen v. Aetna Cas. & Surety Co.*, 109 Wis. 2d 536, 562, 327 N.W.2d 55, 67 (1982), in support of this proposition. In *Tamminen*, the Wisconsin Supreme Court held that the Fund does not have to be joined within a statutorily prescribed period of time as long as a timely suit is filed against the insured because the Fund's liability derives from the liability of the insured. *Id.* at 562, 327 N.W.2d at 67.

Per *Tamminen*, if Geiger would have filed suit against the insured (Fitz's estate) on time, the Fund could have been added as a derivative party after the statute of limitations had expired. However, Geiger filed suit directly against WHCLIP, not the insured. The claim against the Fund is not derivative of the suit against WHCLIP because the Fund's liability is based on the liability of the insured, not WHCLIP.[5] Therefore, we affirm the circuit court's conclusion that Geiger's claim against the Fund must be dismissed because it was not filed within thirty days of mediation.

In conclusion, we hold that Geiger's request for mediation did toll the statute of limitations for his action against WHCLIP and the Fund until December 13, 1993. Because Geiger filed an action against WHCLIP on that date, Geiger's suit against WHCLIP

---

[5] Section 655.27(1), STATS., provides that "[t]he fund shall provide occurrence coverage for claims against *health care providers* . . . ." (Emphasis added.) Sections 655.001(8) and 655.002, STATS., define "Health care provider" as those who actually perform the health care services, not their malpractice insurers. Thus the Fund derives its liability from Fitz, not WHCLIP, because WHCLIP is not a health care provider.

was timely. However, summary judgment should be granted for the Fund because Geiger failed to timely add it as a defendant.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded for further proceedings. No costs on appeal.