Diana M. ANDERSON, Shane N. Anderson, Christopher
E. Anderson, and Savannah R. Anderson, Plaintiffs-
Appellants,

v.

SAUK PRAIRIE MEMORIAL HOSPITAL, Diane L. Kruse,
M.D., William Neidermeier, M.D., Orthopedic
Associates of Sauk Prairie, S.C., State of Wisconsin
Department of Health and Social Services, Physicians
Insurance Company of Wisconsin, Inc., The Medical
Protective Company, Wausau Underwriters Insurance
Company, Defendants,

WISCONSIN PATIENTS COMPENSATION FUND, Defendant-
Respondent.†

Court of Appeals

*No. 99–2052. Submitted on briefs February 11,
2000.—Decided April 27, 2000.*

## 2000 WI App 108

(Also reported in 612 N.W.2d 369.)

†Petition to review denied.

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Paul V. Gagliardi* of *Gagliardi, Nelson & O'Brien,* Salem, *Charles E. Williams* of *Williams, Schultz & Edelstein,* Oshkosh, and *Philip C. Reid* of *Cook & Franke, S.C.,* Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Mark E. Larson* of *Gutglass, Erickson & Bonville, S.C.,* Milwaukee.

Before Eich, Roggensack and Deininger, JJ.

¶ 1. DEININGER, J. Diana Anderson appeals a judgment dismissing her medical malpractice claim against the Wisconsin Patients Compensation Fund. Anderson contends that the circuit court erred in concluding that her claim against the Fund was "untimely." Specifically, Anderson contends that: (1) her suit against the Fund was properly commenced and is not barred by the statute of limitations, (2) her amended complaint relates back to the time of the filing of the original complaint, and (3) the statute of limitations was tolled because she did not discover her injury until almost three years after the injury had occurred. We concur in Anderson's first assertion, and accordingly, we reverse the judgment of the circuit court and remand for further proceedings.

## BACKGROUND

¶ 2. Diana Anderson alleges that she was injured when her doctors negligently performed lower back surgery in February 1995. In February 1998, Anderson filed a request for mediation under WIS. STAT. § 655.44

(1997–98)[1] and named two physicians, Sauk Prairie Memorial Hospital, the Wisconsin Patients Compensation Fund and several others as respondents. A mediation session was eventually conducted between Anderson, the hospital and her physicians. The Fund did not appear at this mediation, and no settlement was reached.

¶ 3. On May 21, 1998, Anderson filed a summons and complaint, naming as defendants the two doctors, the hospital, the Fund and several others. The two doctors and the hospital were properly served with the summons and complaint within ninety days of its filing. In June, Anderson also mailed a copy of the summons and complaint to the Fund and asked it to sign and return an Admission of Service. The Fund did not do so, and Anderson did not discover that the Fund had not admitted service until November 9, 1998. The next day, Anderson had the Fund served with the original summons and complaint. On November 23, Anderson filed an amended summons and complaint with the circuit court; she served the amended summons and complaint on the Fund on December 4.

¶ 4. On December 8, 1998, the Fund answered, raising the affirmative defenses that Anderson's service of process was untimely and that Anderson's cause of action is barred by the statute of limitations. The Fund then moved for summary judgment on these two defenses. The circuit court granted the Fund's motion, and Anderson appeals.

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

## ANALYSIS

¶ 5. We review the trial court's decision to grant summary judgment de novo, using the same methodology as the trial court. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987). Summary judgment should be granted only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See M&I First Nat'l Bank v. Episcopal Homes Management, Inc.*, 195 Wis. 2d 485, 496–97, 536 N.W.2d 175 (Ct. App. 1995); *see also* WIS. STAT. § 802.08(2).

¶ 6. The circuit court granted the Fund's motion for summary judgment because it concluded that Anderson's medical malpractice action against the Fund was untimely. Specifically, the court determined that the Fund was not "properly served . . . in a timely manner" as required by WIS. STAT. § 801.02(1), and that Anderson failed to sue the Fund within the time period set forth in WIS. STAT. § 893.55(1). On appeal, Anderson contends that her suit against the Fund was properly commenced when she filed the amended summons and complaint and served them on the Fund. Anderson also argues that, under *Tamminen v. Aetna Casualty and Surety Co.*, 109 Wis. 2d 536, 327 N.W.2d 55 (1982), she was permitted to join the Fund after the statutory deadline in § 893.55 had passed.

¶ 7. We consider Anderson's second contention first. Under WIS. STAT. § 893.55(1), a medical malpractice plaintiff must file an action to recover "damages for injury arising from any . . . operation performed by . . . a health care provider" within three years of the date of the injury. Although Anderson commenced an action against her health care providers within this three-year time period, she failed to properly serve the Fund

before the three years had passed.[2] Because the Fund was not effectively joined as a party within three years of the date of Anderson's injury, the circuit court concluded that Anderson's claim against the Fund was time-barred.

¶ 8. Anderson contends, however, that she was not required to commence her action against the Fund within the three-year period set forth in WIS. STAT. § 893.55(1). According to Anderson, the statute of limitations applies only to the commencement of an action against the health care providers. For support, Anderson points to the supreme court's holding in *Tamminen v. Aetna Casualty and Surety Co.* and this court's discussions in *Geiger v. Wisconsin Health Care Liability Insurance Plan*, 196 Wis. 2d 474, 538 N.W.2d 830 (Ct. App. 1995), and *Goff v. Seldera*, 202 Wis. 2d 600, 550 N.W.2d 144 (Ct. App. 1996). We agree that these precedents support reversal of the appealed judgment.

¶ 9. In *Tamminen*, the supreme court considered whether a medical malpractice plaintiff was required to join the Fund during statutorily-required administrative proceedings as a prelude to litigation, and whether the Fund needed to be joined as a party to litigation within 120 days of the administrative deci-

---

[2] Anderson's request for mediation tolled the running of the statute. *See* WIS. STAT. § 655.44(4). The Fund asserts that the limitation period expired on October 15, 1998, which Anderson does not dispute. Anderson filed her original summons and complaint on May 21, 1998, and properly served the health care providers soon thereafter. She did not serve the original summons and complaint on the Fund until November 10, 1998, and the amended summons and complaint were filed on November 23rd and served on December 4th.

sion, as were health care providers.[3] The court noted that WIS. STAT. § 655.27(5) (1977) required the plaintiff to name the Fund "as a defendant in the 'suit,' " but determined that the pre-litigation administrative proceeding "is not a suit." *See Tamminen*, 109 Wis. 2d at 562. The court also concluded that the 120-day limitation period for filing suit against health care providers did not apply to the Fund:

> [I]t is clear that the Fund . . . is the excess insurer for a health care provider who is found to have committed an act of malpractice. The liability of an excess insurer is derivative and depends upon the liability of the insured. There was no necessity . . . to join the Fund within one hundred twenty days of the time of the panel's decision.

*Id.*

¶ 10. This court has discussed the *Tamminen* holding on at least two occasions. In *Geiger v. Wisconsin Health Care Liability Insurance Plan*, a medical malpractice plaintiff filed a timely lawsuit against his health care provider's insurer, WHCLIP, but failed to join the Fund before the three-year statute of limitations had run. *See Geiger*, 196 Wis. 2d at 478–79. We concluded that the suit against the Fund should be

---

[3] At the time of *Tamminen v. Aetna Casualty and Surety Co.*, 109 Wis. 2d 536, 327 N.W.2d 55 (1982), medical malpractice claimants were required to file a "submission of controversy" with the administrator of the patients compensation panel before they could initiate a lawsuit. *See* WIS. STAT. § 655.04 (1977). This panel had the authority to "hear and determine each controversy," and if the claimant was not satisfied with the panel's determination, the claimant was entitled to "commence an action for a trial." *See* WIS. STAT. §§ 655.05, 655.065 and 655.19 (1977).

dismissed because the plaintiff failed to timely name his health care provider ("the insured") in the lawsuit.[4] *See id.* at 483–84. We explained, however, that "if [the plaintiff] would have filed suit against the insured . . . on time, *the Fund could have been added as a derivative party after the statute of limitations had expired.*" *Id.* at 483 (emphasis added). We then reiterated the *Tamminen* holding and stated that "the Fund does not have to be joined within a statutorily prescribed period of time as long as a timely suit is filed against the insured because the Fund's liability derives from the liability of the insured." *Id.*

¶ 11. We also addressed the *Tamminen* holding in *Goff v. Seldera*, 202 Wis. 2d 600, 550 N.W.2d 144 (Ct. App. 1996). In *Goff*, a patient sued her physician for malpractice and attempted to add the Fund as a defendant after the trial court's verdict had been entered. This court concluded that, under *Tamminen*, the patient was permitted to add the Fund to the suit even after the statutorily-prescribed time period had passed, but only if the Fund was given "an opportunity to meaningfully participate and defend in the trial court proceedings." *Id.* at 619 n.10. We then concluded that summary judgment in favor of the Fund was appropriate because it had been denied the opportunity to participate in and defend against the patient's suit. *See id.*

---

[4] We affirmed the circuit court's decision to grant summary judgment because the Fund could not be held liable unless the health care provider was named in the plaintiff's suit. We explained that "[t]he claim against the Fund is not derivative of the suit against WHCLIP because the Fund's liability is based on the liability of the insured, not WHCLIP." *Geiger v. Wisconsin Health Care Liab. Ins. Plan*, 196 Wis. 2d 474, 483, 538 N.W.2d 830 (Ct. App. 1995).

¶ 12. We conclude that *Tamminen*, *Geiger* and *Goff* dispose of the question presently before us.[5] The statutory limitation period set forth in WIS. STAT. § 893.55(1) applies only to the commencement of an action against the health care providers and does not apply to the naming of the Fund as a defendant. Although a medical malpractice plaintiff is required to name the Fund as a party to the action, *see* WIS. STAT. § 655.27(5), the plaintiff may do so after the time period prescribed in WIS. STAT. § 893.55(1) has passed. So long as the health care providers were sued before the statute of limitations had run, and so long as the Fund is named in time for it to participate in and defend against the lawsuit, the plaintiff's suit against the Fund must be allowed to proceed.

¶ 13. We next consider whether the steps Anderson took in November and December of 1998 to join the Fund in this litigation satisfy these requirements. Under WIS. STAT. § 801.02(1), "[a] civil action in which a personal judgment is sought is commenced as to any

---

[5] In its brief, the Fund insists that the treatment of this issue in *Tamminen v. Aetna Casualty and Surety Co.*, 109 Wis. 2d 536, 327 N.W.2d 55 (1982), *Geiger v. Wisconsin Health Care Liability Insurance Plan*, 196 Wis. 2d 474, 538 N.W.2d 830 (Ct. App. 1995), and *Goff v. Seldera*, 202 Wis. 2d 600, 550 N.W.2d 144 (Ct. App. 1996), constitutes dicta. It is well established, however, that when a court "intentionally takes up, discusses, and decides a question germane to . . . the controversy [before it], such decision is not a *dictum* but is a judicial act of the court which it will thereafter recognize as a binding decision." *See Gillen v. City of Neenah*, 219 Wis. 2d 806, 826 n.11, 580 N.W.2d 628 (1998) (*citing Chase v. American Cartage Co., Inc.*, 176 Wis. 235, 238, 186 N.W. 598 (1922)). Moreover, even if dicta, we find the cited passages in the three cases to be persuasive in suggesting the proper outcome on the present facts.

defendant when a summons and a complaint naming the person as defendant are filed with the court, provided service of an authenticated copy of the summons and of the complaint is made upon the defendant under this chapter within 90 days after filing." The Fund contends that it was not served with a copy of Anderson's original summons and complaint until nearly six months after the two documents were filed, and thus, that Anderson's action against the Fund was not properly commenced. We agree with the Fund that the belated service of the original summons and complaint on November 10, 1998, did not result in the commencement of an action against the Fund.

¶ 14. Anderson filed an amended summons and complaint on November 23, 1998, and served them on the Fund on December 4, 1998.[6] Anderson thus complied with WIS. STAT. § 801.02(1) and properly commenced her suit against the Fund as of November 23rd, when the litigation was still in the pleading stage. The Fund's opportunity to participate in and defend its interests in the lawsuit were in no way prejudiced by its "late entry" in the litigation, and the Fund makes no argument to the contrary. Finally, we note that, unlike the plaintiff in *Tamminen*, Anderson attempted to join the Fund at the inception of the liti-

---

[6] Under WIS. STAT. § 802.09(1), a party may amend his or her pleading "once as a matter of course at any time within 6 months after the summons and complaint are filed. . . ." We note that Anderson's original summons and complaint were filed on May 21, 1998, and that her amended summons and complaint were filed on November 23, 1998. The Fund did not move to strike Anderson's amended summons and complaint, however, and it has not raised the timeliness of the amended complaint as an issue on appeal.

gation, but failed in that attempt. We can think of no reason, however, why a failed attempt at earlier commencement of the action against the Fund should put Anderson in a worse position than if her first effort to join the Fund had not occurred until November or December of 1998.

¶ 15. Anderson argues, alternatively, that her suit against the Fund was timely because her amended complaint relates back to the filing of the original complaint, and also that she properly joined the Fund within one year of "discovering" her injury. Because we conclude that Anderson should prevail on her first contention, we need not address her alternative arguments. *See Sweet v. Berge*, 113 Wis. 2d 61, 67, 334 N.W.2d 559 (Ct. App. 1983) (concluding that if a decision on one point disposes of an appeal, we will not decide other issues raised).

## CONCLUSION

¶ 16. For the reasons discussed above, we reverse the judgment of the circuit court and remand for further proceedings consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded.